Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue, Venice, CA 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE RESOURCE PERSONNEL, INC., an Illinois Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, as set forth below.

# PARTIES

4. August is a New York limited liability company with its principal place of business located at 22 West 23rd Street, 3rd Floor, New York, NY 10010. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive administrator and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant Creative Resource Personnel, Inc. ("CRP"), is an Illinois corporation with a principal place of business located at 150 North Wacker Drive, Suite 1550, Chicago, Illinois.

6. Upon information and belief, CRP is doing business in and with California and residents of this judicial district in connection with its ownership, operation, and/or control of Defendant's Website (defined below). Specifically, CRP, owns, operates, and/or controls the commercial website crpinc1.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendant's Website"). Upon further information and belief, the Internet Protocol ("IP") address for Defendant's Website is 74.124.210.242, which is hosted by the California-based company InMotion Hosting, Inc. And upon further information and belief, Defendant's Website displays and distributes content within this judicial district via the California-based website hosting company InMotion Hosting, Inc, with offices in 360 N, CA-1 Suite 1055, El Segundo, CA 90245.

7. Upon information and belief, Defendants Does 1-10 ("Doe Defendants") (altogether with CRP, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or

otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

8. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

9. August is the exclusive administrator and syndicator of an original photograph (and the copyrights therein) registered with the U.S. Copyright Office (collectively, the "Subject Photograph"). At all relevant time, August has been the exclusive licensing agent for the Subject Photograph and the photographer who took it. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

10. Following the publication and display of the Subject Photograph, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and otherwise exploited the Subject Photograph on Defendant's Website without a license, authorization, or consent from August (collectively, the "Accused Posts").



11. To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photograph) on Defendant's Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants)**

12. August incorporates by reference the allegations contained in the preceding paragraphs.

13. Upon information and belief, Defendants, and each of them, accessed the Subject Photograph by, among other things, viewing the Subject Photograph at

August's and/or the relevant photographer's website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

14. Upon information and belief, Defendants, and each of them, copied, stored, displayed, distributed, and/or otherwise exploited verbatim copies of the Subject Photograph for commercial purposes on Defendant's Website without a license, authorization, or consent from August.

15. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

16. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photograph. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photograph in an amount to be established at trial.

17. Upon information and belief, Defendants, and each of them, exploited unauthorized copies of the Subject Photograph with actual or constructive knowledge of, or with reckless disregard or willful blindness for, the copyrights in the Subject Photograph, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

Wherefore, August prays for judgment as follows:

    a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined from copying, storing, displaying, distributing, and/or otherwise exploiting the Subject Photograph without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photograph;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 31, 2025          By:     /s/ *Stephen M. Doniger*
                                         Stephen M. Doniger, Esq.
                                         Benjamin F. Tookey, Esq.
                                         DONIGER / BURROUGHS
                                         *Attorneys for Plaintiff*